UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

NICHOLAS GERARD DIEDO,

        Defendant.
_____/

Case No. 2:19-cr-20140-1

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DETAILING**
**<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>**

The Court conducted a stipulated bench trial via video conferencing technology in the present case. All parties attended virtually. Defendant Nicholas Gerard Diedo was present and represented by counsel. At the bench trial, Defendant affirmed he understood his rights and he knowingly waived, in writing, his right to trial by jury. *See also* ECF 40, PgID 262.

After the bench trial, the Court found Defendant not guilty only by reason of insanity ("NGRI") for violating 18 U.S.C. § 844(i), use of fire to commit a felony. Consistent with Federal Rule of Criminal Procedure 23(c), the Court will detail its specific findings of fact and conclusions of law below.

**PROCEDURAL BACKGROUND**

Defendant was indicted for violating 18 U.S.C. § 844(i). ECF 10; 37 (explaining that the indictment contained a scrivener's error). Shortly after Defendant's arraignment, Defendant's counsel moved for a competency examination. ECF 14. The

1

Court granted the motion, ECF 17, and held a competency hearing on June 25, 2020. At the hearing, Dr. Dawn Graney from the Federal Bureau of Prisons offered testimony about her psychological examination of Defendant. ECF 27, PgID 89. After the hearing, Defendant's counsel filed a notice of an insanity defense under Federal Rule of Criminal Procedure 12.2(a). ECF 26. The Court later entered a stipulated order that found Defendant competent to stand trial because he "is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense." ECF 27, PgID 89.

Since the competency hearing, Dr. Graney prepared a psychological report of Defendant related to the insanity issue. *See* ECF 38, PgID 229. In Dr. Graney's professional opinion, Defendant suffered from a severe mental disease or defect—Schizoaffective Disorder, Bipolar type—that made him unable to appreciate the wrongfulness of his acts when he committed them. *Id.* at 228, 331–34.

The Court then held a final pretrial conference on March 9, 2021. At the conference, the parties agreed Defendant had a legitimate insanity defense and agreed the Court needed to hold an evidentiary hearing at which Dr. Graney would testify about her examination of Defendant.

The Court therefore held an evidentiary hearing on April 14, 2021. At the hearing, the Court determined Dr. Graney to be a witness under Federal Rule of Evidence 702 whose expertise and training would help the finder of fact. ECF 38, PgID 227.

Dr. Graney testified that Defendant was unable to appreciate the wrongfulness of his acts when he committed them because of a severe mental disease or defect. *Id.* at 228, 234. At the end of the hearing, the Court stated that the Federal Rules of Criminal Procedure are silent about the proper procedure for finding Defendant NGRI when the parties agree on the outcome.

After further research on the issue, the Court proposed to conduct a stipulated bench trial via video conferencing technology because of the COVID-19 pandemic. ECF 33, PgID 109. The Court later entered a stipulated order in which the parties agreed to proceed with a stipulated bench trial. ECF 34, PgID 212.

In practice, successful insanity defenses are rare. Nationwide, only one percent of criminal defendants raise an insanity defense in felony cases. Henry F. Fradella, *From Insanity to Beyond Diminished Capacity: Mental Illness and Criminal Excuse in the Post*-Clark *Era*, 18 U. Fla. J.L. & Pub. Pol'y 7, 12 (2007). Cases in which the Government agrees that a criminal defendant is NGRI are even smaller. With that in mind, the Court will detail why a stipulated bench trial was the most efficient procedure for finding Defendant NGRI when all parties and the Court agreed that a successful insanity defense was the just outcome.

In general, if a criminal defendant and the Government reach a plea agreement, then the Court may accept a guilty plea and proceed with sentencing. Fed. R. Crim. P. 11. But the Federal Rules of Criminal Procedure do not permit a plea agreement that allows a defendant to plead NGRI. *See id.* Rather, only one rule addresses an insanity defense. Fed. R. Crim. P. 12.2. And that Rule simply details

3

the procedures for noticing an insanity defense. *Id.* All told, the Federal Rules of Criminal Procedure provide no guidance about the proper procedure for finding a defendant NGRI when all parties agree that the defendant should be found NGRI.

Rather, the Insanity Defense Reform Act of 1984 governs the affirmative defense of insanity for criminal defendants. 18 U.S.C. § 17; *see also United States v. Lasley*, 832 F.3d 910, 913 (7th Cir. 2016) ("The Insanity Defense Reform Act of 1984 . . . provides that insanity is an affirmative defense to any federal prosecution."). As an affirmative defense, insanity will "absolve[] a defendant of liability even if the defendant is factually guilty." *United States v. Odeh*, 815 F.3d 968, 980 (6th Cir. 2016).

At trial, a defendant bears "the burden of proving the defense of insanity by clear and convincing evidence." 18 U.S.C. § 17(b). "If the issue of insanity is raised by notice as provided in Rule 12.2 . . . the *jury* shall be instructed to find, or, in the event of a *nonjury trial*, the *court* shall find the defendant—(1) guilty; (2) not guilty; or (3) not guilty by reason of insanity." 18 U.S.C. § 4242(b) (all emphasis added). Put simply, § 4242(b)'s plain text requires a factfinder to issue a special verdict determining whether a defendant is NGRI.

Although rare, several District Courts have held stipulated bench trials for criminal cases in which the parties agree that a defendant is NGRI.[1] The procedure for a stipulated bench trial is simple.

---

[1] *See, e.g.*, *United States v. Beatty*, 111 F. App'x 820, 821–22 (6th Cir. 2004) (noting that the NGRI plea was unopposed and the district court found the defendant NGRI during a bench trial); *United States v. Valencia-Mendoza*, No. 19-cr-1077, 2020 WL

4

Before the bench trial, the parties propose stipulated facts and a proposed inquiry. *See Valencia-Mendoza*, 2020 WL 2198169, at *1–2; *McCarey*, 2019 WL 77402, at *1. At the bench trial, the stipulated facts are read into the record. *See Valencia-Mendoza*, 2020 WL 2198169, at *1–2. After, the court enters findings of fact and conclusions of law explaining the defendant is NGRI and then issues a special verdict. *See id.* at *3–4.

At bottom, a stipulated bench trial not only resolves cases more efficiently than a jury trial, but it also complies with the two relevant statutes. To comply with § 17(b), the stipulated facts ensure the criminal defendant has satisfied "the burden of proving the defense of insanity by clear and convincing evidence." And the bench trial satisfies the demand of § 4242(b) that a factfinder issues a special verdict determining whether a defendant is NGRI. In all, a stipulated bench trial adheres to federal law and is an efficient procedure for the rare case when the parties agree the defendant should be found NGRI.

## FINDINGS OF FACT

The parties stipulated to facts in writing and on the record during trial. ECF 40, PgID 263–65. The parties also offered exhibits into the record, which included surveillance video of Defendant setting a building on fire, several photographs of the

---

2198169, at *3–4 (W.D. Tex. May 6, 2020); *United States v. McCarey*, No. 07-00338, 2019 WL 77402, at *1 (D.D.C. Jan. 2, 2019) (noting that the defendant was NGRI at a stipulated bench trial); *United States v. Evans*, No. 4:08-63, 2010 WL 360540, at *1 (D. S.C. Jan. 22, 2010); *United States v. Phillips*, No. 4:07-cr-00307, 2008 WL 1816422 (E.D. Ark. Apr. 21, 2008).

businesses set on fire, and Dr. Dawn Graney's testimony and report about Defendant regarding his insanity defense. As a result, the Court finds these facts:

1) On April 21, 2018 and February 3, 2019, Defendant maliciously set fire to buildings in Inkster, Michigan.

2) The buildings Defendant set on fire were in a commercial strip mall, comprised of several businesses.

3) Among the businesses were a nail salon, income tax preparation service, a hair braiding business, a salon, and a physician's office.

4) The businesses destroyed by the fires affected interstate and foreign commerce.

5) Defendant confessed to Alcohol, Tobacco, Firearms, and Explosives agents that he started the fires with gasoline and road flares.

6) Defendant filed a notice of insanity on June 25, 2020.

7) Dr. Dawn Graney, Psy.D., examined Defendant's mental condition and issued a report.

8) Dr. Graney's report detailed that Defendant suffered from a severe mental disease or defect, specifically Schizoaffective Disorder, Bipolar type, that made him unable to appreciate the wrongfulness of his acts when he set the buildings on fire.

9) Dr. Graney testified in an evidentiary hearing, at which the Court determined her to be a witness whose testimony would assist the

trier of fact under Federal Rule of Evidence 702. She was cross examined.

10) Dr. Graney's testimony repeated the findings in her report that Defendant suffered from a severe mental disease or defect—Schizoaffective Disorder, Bipolar type—that made him unable to appreciate the wrongfulness of his acts when he set the buildings on fire.

11) Defendant and the Government agree with Dr. Graney's report and testimony.

## CONCLUSIONS OF LAW

The Court will first offer conclusions of law for Defendant's charged offenses. After, the Court will address Defendants' insanity defense.

I. <u>Charged Offense</u>

The indictment charged Defendant with violating 18 U.S.C. § 844(i). ECF 10; 37. The statute penalizes anyone who "maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." § 844(i).

The Court finds the Government has proven beyond a reasonable doubt that Defendant violated § 844(i). Defendant maliciously destroyed buildings with fire on April 21, 2018 and February 3, 2019. Those buildings affected interstate and foreign commerce.

7

II. <u>Insanity Defense</u>

Insanity "is an affirmative defense to a prosecution under *any* Federal statute." 18 U.S.C. § 17(a) (emphasis added). "The defendant has the burden of proving the defense of insanity by clear and convincing evidence." *Id.* § 17(b).

To prove an insanity defense, the defendant must prove "at the time of the commission of the acts constituting the offense: (1) he suffered from a severe mental disease or defect, and (2) he was unable to appreciate the nature and quality or the wrongfulness of his acts as a result of that mental disease or defect." *United States v. Black*, 739 F.3d 931, 933 (6th Cir. 2014); *see* § 17(b).

Based on the facts presented in the bench trial, the Court finds Defendant has proven these two elements by clear and convincing evidence. For the first element, Defendant suffered from a severe mental disease or defect—Schizoaffective Disorder, Bipolar type—at the time of the crime. And because of the severe mental disease, Defendant was unable to appreciate the wrongfulness of setting the fires.

In the end, Defendant has proven both prongs of the insanity defense by clear and convincing evidence. For those reasons, the Court finds Defendant not guilty only by reason of insanity.

**CONCLUSION**

Because the Court has found Defendant not guilty only by reason of insanity under § 4242(b)(3), the Court must order Defendant committed to the custody of the Attorney General for placement in a suitable facility. *See* § 4243(a). The Court will schedule a commitment hearing for July 29, 2021. § 4243(c) ("A hearing shall be

conducted pursuant to the provisions of section 4247(d) and shall take place not later than forty days following the special verdict."). The Court will ask the parties to provide briefing for the commitment hearing detailing whether Defendant's "release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." § 4243(e). The briefing schedule is detailed below.

The Court will direct a psychiatrist or psychologist employed by the United States, under § 4243(b), to examine Defendant and issue a report detailing whether Defendant "is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." § 4247(c)(4)(C). The psychiatrist or psychologist must file the report with the Court and the parties no later than July 6, 2021.

Last, the parties may propose a stipulated order waiving § 4243(c)'s forty-day deadline for the commitment hearing. If the parties waive the deadline, then the Court will reschedule the commitment hearing for a later date and adjust the briefing schedule and the deadline for § 4243(b) report accordingly.

## ORDER

**WHEREFORE**, the Court **FINDS** that Defendant Nicholas Gerard Diedo **NOT GUILTY ONLY BY REASON OF INSANITY** of the crimes charged in the indictment.

**IT IS FURTHER ORDERED** that a judgment of **NOT GUILTY ONLY BY REASON OF INSANITY** will be **ENTERED** for Defendant Diedo.

**IT IS FURTHER ORDERED** that under 18 U.S.C. § 4243(a) Defendant is **COMMITTED** to the custody of the United States Attorney General for placement in a suitable facility.

**IT IS FURTHER ORDERED** that a commitment hearing under 18 U.S.C. § 4243(c) is **SCHEDULED** for **July 29, 2021**.

**IT IS FURTHER ORDERED** that under 18 U.S.C. § 4243(b):

- A psychiatrist or psychologist employed by the United States, be **APPOINTED**, **AUTHORIZED**, and **DIRECTED TO EXAMINE** the mental condition of Defendant;

- The psychiatrist or psychologist must **EXAMINE** Defendant at an appropriate federal facility with mental health treatment programs and personnel who will examine Defendant;

- The psychiatrist or psychologist must **PREPARE**, pursuant to 18 U.S.C. § 4247(c)(4)(C), a written report evaluating whether Defendant is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another;

- The psychiatrist or psychologist must **FILE** the written report no later than **July 6, 2021** with the Court and

provide copies of the report to Defendant's counsel and the attorney for the Government. The report may be used by any party for the purposes of a commitment hearing under 18 U.S.C. § 4243.

**IT IS FURTHER ORDERED** that Defendant must **SUBMIT** a brief for the 18 U.S.C. § 4243 hearing no later than **July 13, 2021**.

**IT IS FURTHER ORDERED** that the Government must **RESPOND** to the brief no later than **July 19, 2021**.

**IT IS FURTHER ORDERED** that Defendant may **REPLY** to the government's brief no later than **July 26, 2021**.

This is a final order that closes the criminal case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 23, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 23, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager